**UNITED STATES of America, Plaintiff,**

v.

**Mark L. NEFF, Defendant.**

**No. 91–30043.**

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 13, 1994.

Sherry Leckrone, Colin S. Bruce, Asst. U.S. Attys., Springfield, IL, for plaintiff.

Timothy Londrigan, William Conroy, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

This case has been reversed and remanded for a new trial. Before the case is reassigned to another judge pursuant to Seventh Circuit Rule 36, and to assist that jurist, certain background matters should be made of record.

On February 5, 1992 the Defendant was convicted by a jury of the offense of possession of a firearm by a convicted felon. During the jury's deliberations, the jury submitted a written note to the Court, requesting clarification of certain evidentiary issues. The jury, it turns out, was requesting facts not in evidence. The Court vividly recalls that it immediately summoned counsel to chambers to discuss the matter. Assistant U.S. Attorney Sherry Leckrone was present in chambers, and defense counsel, Attorney Timothy Londrigan, was present via telephonic conference. The Court also recalls that the Defendant was not personally present during the conference but cannot recall

whether Defendant's trial counsel professed to waive his client's right to be present.

The Court certainly did not have knowledge of the answers to the jury's questions of fact. But both counsel knew immediately the answers and stipulated as to the responses to be made to the juror inquiries. The Court submitted those answers to the jury on the same note containing the questions. Unfortunately, the Court failed to make a record of this conference and accepts full responsibility for this oversight. Due to this omission, the Court of Appeals could not determine whether Defendant's attorney had any objection to the answers submitted to the jury or whether the Defendant personally waived his right to be present during the conference. Consequently, the Court of Appeals reversed the Defendant's conviction on the basis that the Defendant's Sixth Amendment right to a trial by jury had been impinged. *United States v. Neff,* 10 F.3d 1321 (7th Cir.1993).

Trial counsel, unfortunately, did not argue the case on appeal, and Defendant's appellate counsel professed no knowledge of the events which had transpired during the jury's deliberations and refused to concede to the United States' position that trial counsel had stipulated to the factual answers given to the jury. Contrary to what the appellate opinion states, the Assistant United States Attorney who orally argued for the United States on appeal did not supervise the case during trial, which explains why at oral argument he had little knowledge of what had transpired during the jury communication conference.

The Court, of course, recognizes that it was error to omit counsel's comments regarding the jury communication from the record. The Court of Appeals held that unless a defendant's attorney is given an opportunity in open court to discuss the answers to a jury's questions concerning factual matters, the defendant himself must waive the right to be present; otherwise, the confrontation clause of the Sixth Amendment has been abridged. *Neff,* 10 F.3d at 1322. Because there was no transcript of the jury communication conference and because the Court of Appeals could not determine from the record whether the Defendant had personally waived his right to be present during the

conference, the Court of Appeals could not state that the effect of the Court's answers to the jury questions on the Defendant's right to jury trial was harmless beyond a reasonable doubt.

■ Trial counsel in this case apparently did not realize that the jury was requesting more than a clarification. Thus, counsel did not ask for the Defendant to be present. However, given the omission in the record, if the Defendant had in fact waived his right to be present during the jury communication conference, a more efficient means of supplementing the record might have been chosen to avoid the costly expense of a new trial. For instance,

(1) the Assistant United States Attorney assigned to handle the case on appeal could have obtained a stipulation or affidavit from trial defense counsel as to what actually occurred and then asked leave of the reviewing court to supplement the record on appeal;

(2) the Court of Appeals could have directed the parties to supplement the record on appeal with a bystander's bill; or

(3) the appellate court could have remanded the case for the limited purpose of a finding as to what indeed occurred during trial.

It is not unusual for the Court of Appeals to either request affidavits or remand a case for specific findings in order to supplement the record. *See Stockman v. LaCroix,* 790 F.2d 584, 587 (7th Cir.1986); *Sarnoff v. American Home Products Corp.,* 798 F.2d 1075, 1079 (7th Cir.1986). Also, the U.S. Supreme Court has endorsed the use of a bystander's bill, which is commonplace in Illinois, as a means of supplementing the record where there is an omission in the transcript. *Mayer v. City of Chicago,* 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971). The U.S. Supreme Court in *Mayer* reiterated its view that "[a]lternative methods of reporting trial proceedings [other than by transcript] are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *Id.*

Illinois Supreme Court Rule 323(c), applicable to criminal cases by Rule 612(c), allows a bystander's bill to be used to complete the record where a transcript is unavailable. A bystander's bill is used where the parties are unable to stipulate to the missing facts, so each party prepares a narrative report of the events in question, and the trial court then resolves those matters in disagreement and certifies the report, incorporating it into the record.

█ Nonetheless, the Court acknowledges that no record was made of the jury communication conference and that the Defendant did not personally waive his right to be present and contest the new factual matters raised by trial counsel with the jury. Accordingly, the case must be reassigned for a new trial before a different judge, unless the parties request that the case be heard before the same judge. Seventh Circuit Rule 36 provides that when a case is remanded to a district court for a new trial, the case "shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case."